NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CECELIA ANN WRIGHT,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2010-3075

---

Petition for review of the Merit Systems Protection Board in Case No. AT844E090742-I-1.

---

Decided: August 13, 2010

---

CECELIA ANN WRIGHT, of Kingsport, Tennessee, pro se.

CAMERON COHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director. Of counsel on the brief was PAUL N.

ST. HILLAIRE, Office of the General Counsel, Office of Personnel Management, of Washington, DC.

---

Before RADER, *Chief Judge*, NEWMAN, AND PROST, *Circuit Judges.*

NEWMAN, *Circuit Judge.*


Ms. Cecelia Ann Wright appeals the decision of the Merit Systems Protection Board ("Board") affirming the denial of her disability retirement application.[1] Ms. Wright filed an application for disability annuity under the Federal Employees Retirement System ("FERS") on August 6, 2008 based on diagnoses of anxiety and agoraphobia. The Office of Personnel Management ("OPM") denied her application, and explained that it was

> unable to conclude from the medical documentation provided that you are disabled from useful and efficient service. There are no objective psychological test results and only a limited history of continual findings. There are no documented restrictions on performance of your duties from your healthcare providers, and it is unclear that your conditions [are] likely to continue for one year from the date of your application.

*Wright*, CSA 8-385-515, at *2 (Office of Personnel Mgmt. Feb. 9, 2009).

---

[1] *Wright v. Office of Personnel Mgmt.*, No. AT844E090742-I-1 (M.S.P.B. Jan. 22, 2010) (denying petition for review); *Wright v. Office of Personnel Mgmt.*, No. AT844E090742-I-1 (M.S.P.B. Sept. 28, 2009) ("*Initial Decision*").

Ms. Wright then appealed to the Board. The Board found that while Ms. Wright "has submitted ample evidence to show that she suffers from these maladies, she has not presented any medical evidence to show that she is unable to perform useful and efficient service." *Initial Decision* at 3. The Board considered that Ms. Wright's agoraphobia stemmed from an incident at work in which "she was summoned to a meeting at her employing agency's personnel office and, when she arrived, her supervisor, with a personnel specialist as a witness, confronted her with alleged performance deficiencies." *Id.* Soon after the incident, Ms. Wright took annual leave and did not return to work. The Board found that the testimony presented at the hearing "strongly suggests that the appellant's decision not to return to work was a matter of choice, not necessity." *Id.* at 4. The Board also concluded that "it is not at all clear that the appellant's condition cannot be effectively treated" and noted that Ms. Wright "presented no medical evidence to show that her medical condition is expected to continue for at least 1 year from the date the application for disability retirement was filed." *Id.* at 5. The Board ultimately concluded that "[t]he uncertain[ty] in the proof in this case must be resolved in favor of OPM since it is the appellant who bears the burden of proving her entitlement to disability retirement by preponderant evidence." *Id.* at 6. Ms. Wright appeals.

## DISCUSSION

The court's review of Board decisions is governed by statute. Generally, when reviewing decisions of the Board,

the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be—

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence; . . . .

5 U.S.C. §7703(c). Specifically for disability retirement decisions under FERS, "this court is precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been a 'substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Anthony v. Office of Personnel Mgmt.*, 58 F.3d 620, 626 (Fed. Cir. 1995) (quoting *Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 791 (1985)).

On appeal, Ms. Wright argues that anxiety and agoraphobia by definition prevent useful and efficient service. She states that her "anxiety disorder was out of control," her "medication had to be double[d]," and she "had to be removed from the area due to the extreme stressful situation" when confronted by her manager. She states that even prior to the incident that gave rise to her agoraphobia, she endured "constant verbal rudeness" from her manager, and had requested transfers several times to no avail. She also points out, in reference to the lack of evidence that her conditions would last a year or longer, that her conditions continue today, more than a year later, despite treatment and counseling.

Ms. Wright's challenges to the Board's decision all relate to the factual underpinnings of a disability determination.

In order to obtain benefits, Ms. Wright was required to prove as one element of her case that she has "become disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position." *Thieman v. Office of Personnel Mgmt.*, 78 M.S.P.R. 113, 116 (1998) (citing 5 C.F.R. §844.103(a)). "[T]he disabling medical condition must be expected to continue for at least 1 year from the date the application for disability retirement is filed . . . ." *Id.*

The primary deficiencies of proof identified by the Board relate to the lack of evidence that Ms. Wright's condition results in a deficiency of performance, that her medical conditions are incompatible with useful or efficient service, or that the disabling conditions are expected to last more than a year. These fundamental factual underpinnings of the disability determination are solely within the province of the agency and Board; they are not reviewable by this court. We discern no issues of law presented by this appeal, and the Board's decision has not been shown to present a "substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl*, 470 U.S. at 791.

Ms. Wright states that since her disabling condition has continued for over one year since the filing of her application for benefits, it necessarily meets the requirement that the condition is "expected to continue for at least 1 year from the date the application for disability retirement is filed." 5 C.F.R. §844.103(a)(3). However, the Board found that Ms. Wright had not shown her condition to be "disabling"; that finding is not reviewable by this court. *See* 5 U.S.C. §8461(d), *supra*.

The Board's decision must be affirmed.

No costs.

**AFFIRMED**